# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-769V
(Filed: January 8, 2014)

\* \* \* \* \* \* \* \* \* \* \* \* \*  \*
|     |     |
|-----|-----|

STEPHEN BUNDY,      \*      **NOT TO BE PUBLISHED**

        \*

     Petitioner,      \*

        \*

v.      \*      Dismissal Decision; Pneumovax Not

        \*      Listed On Vaccine Injury Table; Failure

SECRETARY OF      \*      To State A Claim Upon Which Relief

HEALTH AND HUMAN SERVICES,    \*      Can Be Granted.

        \*

     Respondent.      \*

        \*

\* \* \* \* \* \* \* \* \* \* \* \* \*  \*

Michael Williams, Buffalo, NY, for Petitioner.
Alexis Babcock, Washington, DC, for Respondent.

## DISMISSAL DECISION[1]

On November 13, 2012, Stephen Bundy ("Petitioner"), filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Program").[2]

---

[1] Because this unpublished decision contains a reasoned explanation for the undersigned's decision in this case, the undersigned intends to post this ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

In his petition, Petitioner alleged that he suffered injuries after receiving a pneumococcal vaccination on November 11, 2009.[3] Petitioner ("Pet.") at 1, ECF No.1.

On February 6, 2013, Petitioner filed medical records and a statement of completion. Filings, ECF No. 6. On March 4, 2013, this case was re-assigned to the undersigned special master. Order, ECF No. 7. On the same date, Respondent filed a status report identifying several items missing from the record. Status Report, ECF No. 8. One of the items identified by Respondent was Petitioner's record of vaccination. *Id.*

On September 17, 2013, Petitioner filed an immunization consent form. Filing, ECF No. 15.

On October 24, 2013, the undersigned held a telephonic status conference and informed Petitioner that the Pneumovax vaccine he received is not listed on the Vaccine Injury Table, and that Petitioner is therefore not eligible for compensation under the Program because he cannot demonstrate that he "received a vaccine set forth in the Vaccine Injury Table" as required by 42 U.S.C. § 300aa-11(c)(1)(a). *See* Scheduling Order (non-pdf), Oct. 24, 2013.

Respondent filed a motion to dismiss on October 25, 2013, to which Petitioner responded in opposition on November 20, 2013. Motion, ECF No. 16; Response, ECF No. 18. The Motion to Dismiss is now ripe for consideration.

There are two types of pneumococcal vaccines used to vaccinate against pneumococcus—pneumococcal conjugate and polysaccharide vaccine. The polysaccharide vaccine is distributed under the brand name Pneumovax. Only the former, the pneumococcal conjugate vaccine, is covered under the Vaccine Act. *See* National Vaccine Injury Compensation Program: Addition of Pneumococcal Conjugate Vaccines to the Vaccine Injury Table, 66 Fed. Reg. 28166 (May 22, 2001) ("Through this notice, the Secretary announces that pneumococcal conjugate vaccines are now covered vaccines under the National Vaccine Injury Compensation Program (NVICP), which provides a system of no-fault compensation for certain individuals who have been injured by covered childhood vaccines. This notice serves to include pneumococcal conjugate vaccines under Category XIII (new vaccines) of the Vaccine Injury Table (Table) . . . Because the CDC only recommended pneumococcal conjugate vaccines to the Secretary for routine administration to children, polysaccharide-type pneumococcal vaccines are not covered under the VCIP or included on the Table.").

---

[3] Petitioner also initially alleged that he suffered brachial neuritis, a Table injury, following a September 27, 2007, Tdap vaccination, and referenced an influenza vaccination, as well. However, in a status conference with the Court, Petitioner's counsel clarified that Petitioner only seeks compensation for injuries allegedly resulting from the pneumococcal vaccination. *See* Order at 1, ECF No. 13.

To be entitled to compensation under the Vaccine Act, Petitioner must demonstrate that he "received a vaccine set forth in the Vaccine Injury Table." *See* 42 U.S.C. § 300aa-11(c)(1)(A).

The only immunization record submitted by Petitioner indicates that he received a pneumococcal vaccination manufactured by Merck, Lot Number 1296X. ECF No. 15. Although Petitioner's Opposition to Respondent's Motion to Dismiss lists a number of mergers and acquisitions to which Merck has been a party over the last several years, Petitioner has provided no facts disputing Respondent's assertion (which is supported by the undersigned's own research), that "[t]he only pneumococcal vaccination Merck manufactures is Pneumovax 23, which is a polysaccharide vaccine,"[4] *see* Motion at 2, ECF No. 16, not listed on the Table. In addition, while Petitioner asserts that "Mr. Bundy's vaccination consent record [was] completed by an unidentified person about whom the parties know nothing including whether this individual had any personal knowledge or basis for the information entered on the consent form with regard to the vaccine manufacturer," Response at 2, ECF No. 18, he has offered no alternative record of his vaccination, no basis for suspecting that the manufacturer and lot number on the record he did submit are erroneous, and no other facts from which a conclusion that he received a covered vaccination can be derived. Accordingly, the undersigned concludes that the Merck vaccine, Pneumovax, was the vaccine received by Petitioner. Pneumovax is not a vaccine included on the Vaccine Injury Table.

As Petitioner received the Pneumovax vaccine and not the pneumococcal conjugate vaccine, Petitioner is unable to show that he "received a vaccine set forth in the Vaccine Injury Table." 42 U.S.C. § 300aa-11(c)(1)(A). Therefore, the undersigned lacks subject matter jurisdiction to adjudicate Petitioner's claim. Alternatively, Petitioner has failed to state a claim for which relief can be granted.[5] The undersigned must dismiss this petition.

---

[4] *See* MerckVaccines.com, *available at* www.merckvaccines.com.

[5] *See Scanlon v. Sec'y of Health & Human Servs.*, No. 13-219V, 2013 WL 5755061 (Fed. Cl. Ct. Spec. Mstr. Sept. 27, 2013), *aff'd, Scanlon v. Sec'y of Health & Human Servs.*, No. 13-219V, slip op. (Fed. Cl. Dec. 17, 2013).

The clerk of the court is directed to dismiss Petitioner's claim for lack of jurisdiction or for failure to state a claim for which relief can be granted.[6]

**IT IS SO ORDERED.**

s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party's filing a notice renouncing the right to seek review.